*347 OPINION.
Van Fossan:
Section 206 (a) (6) of the Revenue Act of 1921 provides:
The term “ capital assets ” as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected witli his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year.
It is admitted that the real estate, the gain on whose sales forms the basis of the question at issue, was owned by the petitioner for more than two years prior to its sale in 1923. The respondent, however, has refused to assess the tax at 12½ per cent of such gains as provided by section 206 of the said Revenue Act of 1921, but has held that the real estate so sold represented “ stock in trade of a regular business rather than property held for a profit or investment.”
Prior to 1902 the record does not disclose that the petitioner was engaged in the buying and selling of real estate or even in the promoting and developing of his own property. Subsequent to the incorporation of the San Pedro Land Co. and the acquisition by it of the real estate owned by the petitioner, other land was purchased by the corporation. That land, together with the tracts originally conveyed to it, was subdivided and sold to various purchasers.
From 1902 to 1919 the corporation was engaged in the business of disposing of its own land.
By July, 1919, the petitioner, who was practically the sole owner of the capital stock of the corporation, had become seriously u with diabetes, and also had become blind. He desired to be relieved from the burden and responsibility of the business of continuing the real estate operations being carried on by the corporation and determined to wind up its affairs as quickly as possible. Consequently, he caused the corporation to convey to him in kind the real estate then owned by it and to take steps resulting in its dissolution. Thereupon he proceeded to sell the land as expeditiously and advantageously as possible. He did not attempt personally to continue in the real estate business. His purpose was to extract from the investment whatever profit, if any, such sales might bring but his primary *348 motive was to dispose of the real estate as soon as possible and to convert the proceeds thereof into cash and other less burdensome forms of wealth.
In view of the foregoing facts it is our opinion that the real estate conveyed to the petitioner by the San Pedro Land Co. on or about July 1, 1919, and held by him for a period of more than two years, constituted capital assets within the meaning of section 206 (a) (6) of the Revenue Act of 1921 and that the gains derived from the sale thereof in the year 1923 are subject to taxation at the rate of 12½ per cent as provided by section 206 of that act.

Decision will be entered under Bule 50.